## In re EGAN.

Rev. Pol. Code, § 694, provides that in disbarment proceedings the costs of the reference shall be paid by the county in which such case is referred to be tried. Rev. Code Civ. Proc. § 291, provides that the fees and expenses of referees and the compensation of the stenographer appointed by the referee shall be paid by the county wherein the court is held which made the reference, but that the fees of the stenographer for making a transcript of the evidence shall, when ordered by the referees, be paid by the parties to the action. Section 415 provides that in all special proceedings the clerk may tax in favor of the prevailing party the witness, jury, officers', and printers' fees, the compensation of referees, and the necessary expenses of taking depositions and procuring necessary evidence. **Held**, that the compensation of a referee in disbarment proceedings should be paid by the county, and that the fees of the clerk of court for certified copies of record and exhibits, the fees of the sheriff, the fees of witnesses, and cost of depositions should be taxed against the accused, and that the cost for taking and transcribing testimony for the use of the Supreme Court shall be charged against the county, but that the item for copy of transcript for accusers, being unauthorized by statute, should be neither taxed against the accused nor against the county.

A contention on appeal from the taxation of costs in disbarment proceedings that the charges for witness fees are excessive cannot be sustained, where there is nothing to contradict the verified, itemized statement filed by the accusers.

(Opinion filed, January 6, 1909.)

Appeal from clerk's taxation of disbursements, in the matter of the disbarment proceedings against George W. Egan. Taxation modified.

*Park Davis, Henry Robertson,* and *A. B. Kittredge,* for accusers. *W. S. Glass, Mueller & Conway,* and *Gaffy & Stephens,* for the accused.

HANEY, P. J. This is an appeal from the clerk's taxation of disbursements, the items of which are as follows:

Fees of Charles M. Nelson, sheriff of Minnehaha county:

| | | |
|---|---:|---:|
| For serving accusation | $ 19 | 75 |
| For serving subpœnas upon hearing before George M. Higby, commissioner | 9 | 40 |

Fees of George M. Higby, commissioner:

| | | |
|---|---:|---:|
| For taking and transcribing testimony, 2,080 folios 10c per folio | 208 | 00 |
| Per diem six days at $10 per day | 60 | 00 |
| For copy of transcript to accusers | 35 | 00 |

Fees of E. D. Aldrich, clerk of courts, Minnehaha County:

| | | |
|---|---:|---:|
| For certified copy of record and exhibits | 25 | 00 |

Cost of depositions taken at Missouri Valley, Iowa:

| | | |
|---|---:|---:|
| Witness fees paid | 2 | 25 |
| Stenographer's fees paid | 5 | 00 |
| Notary's fees paid | 5 | 00 |

Cost of depositions from Oklahoma:

| | | |
|---|---:|---:|
| Expense of subpœnaing witnesses after notice duly given and before stipulation | 5 | 00 |

Cost of depositions taken in Moody county, S. D.:

| | | |
|---|---:|---:|
| Sheriff's fees for serving subpœnas | 2 | 60 |
| Witness fees paid | 3 | 00 |
| Fees of T. E. Carter, Esq., J. P. | 3 | 00 |
| Fees of stenographer | 3 | 00 |
| Fees of witnesses in attendance before George M. Higby, commissioner, as per affidavit hereto attached | 100 | 40 |

| | | |
|---|---:|---:|
| Total | $486 | 40 |

Accused objects to all these items on the ground that the entire expense of the proceeding should be paid by Minnehaha county. Our statutes contain these provisions: "To the accusation he may plead or demur, and the issues joined thereon shall in all cases be tried by the court, or referee or referees appointed thereby, in the same manner as is provided by law for the referring of cases in the circuit court, so far as applicable. The cost of the reference shall be paid by the county, in which such case is referred to be tried." Rev. Pol. Code, § 694. "The referees may appoint a stenographer whose qualifications and duties shall be the same as those

required by law in case of the shorthand reporter of the court. The fees and necessary expense of the referees and the compensation of the stenographer shall be fixed by the court, after filing the report, and shall be audited and paid by the county or subdivision wherein the court is held which made the reference; provided, that the fees and charges of the stenographer for making a transcript of the evidence in such cases shall not be a charge against or paid by the county, but when ordered by the referees shall be paid by the parties to the action." Rev. Code Civ. Proc. § 291. "In all actions and special proceedings, the clerk must tax as a part of the judgment, in favor of the prevailing party, the allowance of his witnesses, the jury, officers' and printers' fees; the compensation of referees, and the necessary expenses of taking depositions, and procuring necessary evidence." Id. § 415. Considering these provisions, together with reference to a special proceeding, such as the one at bar, we think the compensation of Mr. Higby, to whom the matter was referred for the purpose of taking and reporting testimony in the manner "provided by law for the referring of cases in the circuit court, so far as applicable," should be paid by Minnehaha county, and that all fees of the clerk of courts for certified copies of record and exhibits, the fees of the sheriff, fees of witnesses, and costs of depositions should be taxed against the accused. It appearing that the sheriff's fees have been receipted for to the accused, the items "for serving accusation, $19.75," and "for serving subpœnas, $9.40," should be stricken from the taxation. In view of the fact that the commissioner or referee was directed to prepare a transcript of the testimony for the use of this court, the item "$208 for taking and transcribing testimony," and "$60 for per diem," are proper charges against the county. The item "copy of transcript for accusers $35" is unauthorized by the statute, and should be neither taxed against the accused nor paid by the county. The contention that the charges for witness fees are excessive cannot be sustained, for the reason that there is nothing before us to contradict the verified itemized statement filed by the accusers. So we conclude that the county of Minnehaha should pay as compensation to the commissioner $268, and that the following items should be taxed against the accused: Fees of Ald-

rich, clerk of courts, $25; cost of depositions taken at Missouri Valley, $12.25; cost of depositions from Oklahoma, $5; cost of depositions in Moody county, $11.60; fees of witnesses in attendance before commissioner, $100.40—aggregating $154.25.

It is therefore ordered that the clerk of this court tax as disbursements against the accused the sum of $154.25, and that the county commissioners of Minnehaha county pay to George M. Higby, as compensation for his services in this proceeding, the sum of $268.