## In re POLLEY.

### (159 N. W. 42.)

(File No. 4013.   Opinion filed August 29, 1916.)

1. **Attorneys—Disbarment—Report of Referees—Transcript of Proceedings and Evidence—Sufficiency of Evidence.**

   In a proceeding for disbarment of an attorney, the referees having concluded that judgment should enter dismissing the petition and charges, the accuser making no claim that there was evidence sufficient to sustain the charges, held, on motion for judgment in conformity with referees' report, that it clearly appears from the transcript of the proceedings had before them, that no evidence was offered which expressly, or by the remotest inference, tended to prove the charges.

2. **Attorneys—Disbarment—Petition, Amendment Including Independent Charges—Ordering Investigation, and Denying Amendment—Power of Referees—Abuse of Discretion.**

In a proceeding for disbarment, where, at the opening of trial before referees, the accuser sought to amend the original accusation by filing certain additional charges in no manner relating to the original accusation, but at least one of said new charges was such that, if true, would tend to show that at one time accused was unfit to be a member of the bar of this state, and might, in connection with proof of other facts, show present unfitness; which additional accusations had never been called to the attention of the Attorney General so as to permit of an investigation by him into their truthfulness; the accused having received no notice that such additional charges would be preferred, and no explanation made as to why they were not contained in the original petition, the referees ruled that before one of the additional charges, deemed material, should be considered, it should be investigated by the Attorney General as to whether he deemed it worthy to be presented to them; that if he, after investigation, so deemed it, he might present a formal accusation accordingly, and that accused might have reasonable time to answer thereto. This matter was then passed, and trial of issues on original petition proceeded with. At close of trial they, after announcing that they should find the original charges not sustained, ruled, in view of the case as it then stood, that the proposed amendment be denied, and the proceedings be dismissed on the merits. **Held,** that though all the additional charges were such as, if true, would show accused unfit to be a member of the bar, the accuser was not wronged by any ruling denying such amendment; that to refuse amendment until the Attorney General could investigate the additional charge was not an abuse of discretion, as they, at time when amendment was sought, were bound to presume that some evidence might be offered tending to show unfitness of accused to remain a member of the bar; but when no such evidence was offered, nothing was left of the original charge, and the denial of amendment was proper; that to allow such amendment was within the discretion of referees. But **held,** further, that it does not follow that the charges in proposed amendment should be disregarded by Supreme Court; that therefore such proposed amendments will be treated as the filing of a new petition, and they will be referred to the Attorney General for investigation and report, pursuant to Laws 1911, Chap. 85.

3.   Attorneys—Disbarment Proceedings—"Unfounded" Charges, Ac-
     cuser's "Improper Motives"—Costs—Disbursements to Ac-
     cused, Whether Recoverable—Disbursements Against Accuser,
     Judgment for—Statute.

          Where, in a disbarment proceeding, referees found the
     charges unproven and concluded that judgment of dismissal
     on the merits should be entered, and that no probable cause
     for the charges preferred existed, but made no finding as to
     motives influencing the accuser; the accuser not having asked
     that the Court make findings on issues as to improper motive,
     nor that the cause be referred to referees for such finding,
     but accused asked for confirmation of the referee's report;
     held, that the Court is not called upon to, and will not deter-
     mine, whether accuser was actuated by improper motives in
     making the charges preferred. Held, further, under Laws 1911,
     Chap. 85, Sec. 6, providing that in such proceedings judgment
     necessary for disbursements on behalf of prosecution against
     accuser and in favor of state may be rendered by Supreme
     Court in its discretion, whenever it shall determine that the
     charges are "unfounded," and that whenever the Court shall
     further determine that the accusation was made without prob-
     able cause and was influenced by improper motives, it may
     render judgment against him and in favor of the accused for
     necessary disbursement,—that, the charges having been
     found wholly "unfounded," judgment should be rendered
     against accuser, and in favor of state, for necessary disburse-
     ments incurred on behalf of prosecution, either by the state or
     the county to which the cause was referred for trial; that,
     owing to absence of a finding that accuser "was influenced by
     improper motives," accused cannot recover judgment for his
     "necessary disbursements."

          Polley, J., taking no part herein.

     Original proceedings in Supreme Court. Application for dis-
barment of Samuel C. Polley, an attorney. Report of referees,
finding charge groundless, affirmed, and judgment so entered.

     *Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,*
Assistant Attorney General, for Prosecution.

     *A. K. Gardner,* for Respondent.

     WHITING, J.   There was filed in this court the sworn peti-
tion of one Joe Kirby, a duly licensed attorney of this state, in
which it was charged that Samuel C. Polley, formerly secretary
of state in and for this state, and at the time of the filing of such
petition and now a member of this court, while acting as such
secretary of state had been guilty of criminal offenses involving

moral turpitude, in that he willfully, wrongfully, and unlawfully did ask, promise to receive, and receive, a gratuity and reward in the sum of $100 from a certain party, in consideration for appointing such party to a clerkship under the laws of this state, and in that he did make such appointment. The petition prayed that this court proceed to investigate such charges, and that this court revoke the license to practice law in this state held by accused. The accused forthwith answered, waiving any investigation by the Attorney General as provided by chapter 85, Laws of 1911; consenting that such petition be treated as the complaint herein; denying the accusations contained in such petition; and charging that such accusations were made without probable cause, and were influenced by improper motives. The issues thus raised were referred for trial and report thereon to a board of three referees, agreed upon by the accused and the Attorney General and appointed by the court. The referees found the charges preferred to be groundless; that the accuser did not, prior to the filing of the petition, inquire of the party from whom accused was charged to have received the $100 as to whether or not "he had paid, or agreed to pay, or give any gratuity or reward, * * * to the respondent or any one else, for the said appointment to such clerkship"; that two certain letters written by accused to one R. O. Richards, and which under the evidence formed the sole basis for the charges preferred, "in no way warranted the conclusion contained in said charges so filed by said Joe Kirby against the respondent herein"; and that "said accusations were so made and filed by said Joe Kirby without probable cause." The referees concluded that judgment should enter dismissing said petition and charges upon the merits, and that the court itself should, upon motion and after notice to the accuser, determine "what, if any, costs or disbursements should be taxed against the accuser." The matter is now before us upon a motion for judgment in conformity with the report of the referees, the accuser having been required to show cause why, as a part of such judgment, judgment in favor of the state should not be entered against him for the disbursements incurred on behalf of the prosecution, and judgment in favor of the accused should not be entered against him for the accused attorney's necessary disbursements in this proceeding.

[1] Answering such order to show cause, the accuser makes no claim that there was evidence sufficient to sustain the charges originally preferred against the accused. A transcript of the proceedings had before, and the evidence received by, the referees is made a part of their report. From such transcript it clearly appears that no evidence was offered which expressly, or by the remotest inference, tended to prove such charges.

[2] But the accuser complains because the said referees did not allow him to file certain additional charges against the accused. The new charges in no manner related to the transaction referred to in the original accusation, but at least one of such charges was such that, if true, it would tend to show that at one time the accused was unfit to be a member of the bar of this state, and might, in connection with proof of other facts, show present unfitness. The amendment was sought at the opening of the trial. It was conceded that these accusations had never been called to the attention of the Attorney General so as to permit of an investigation by him into their truthfulness. The accused had received no notice that such charges would be preferred. Neither was there any explanation of why such accusations were not contained in the original petition. The referees were of the opinion that certain of these charges were not presented in such a manner, or were not of such a nature, as to demand consideration by them, but that one was of such a nature as warranted further consideration. They ruled that before this one should be so considered, it should be investigated by the Attorney General for the purpose of determining whether he deemed the matter therein referred to worthy to be presented to such referees; that, if the Attorney General, after such investigation, considered such matter worthy to be presented to such referees, he might present a formal accusation embracing such matter; and that the accused might have a reasonable time to answer thereto. The Attorney General advised the referees that it would take ten days to make such investigation. This matter was then passed, and the trial of the issues raised on the original petition proceeded with. At the close of such trial the referees, after announcing that they should find the charges contained in the original accusation not sustained by evidence, stated:

"And in view of the case as it stands, the proposed amend-

·ment will be denied, and the proceedings dismissed upon the merits."

We are of the view that, even though each and every one of the additional charges sought to be preferred were such as, if true, would show accused unfit to be a member of the bar of this state, the accuser was not wronged by any ruling denying an amendment of the original petition. To refuse an amendment until the Attorney General could investigate the charge contained therein was certainly no abuse of discretion. At the time the amendments were offered the referees were bound to presume that there might be some evidence offered which, in some degree at least, would tend to show unfitness of the accused to remain a member of the bar of this state. But when no such evidence was offered there was left nothing to the original charge, and the referees correctly ruled that, "in view of the case as it stands, the proposed amendment will be denied." To allow an amendment was a matter within the discretion of such referees. There certainly was no abuse of discretion in their refusal to hold the trial of this cause open with a view of the possible allowance of an amendment to the petition when it clearly appeared to them that the accusations contained in such petition were unfounded; that the accuser had presented the same without probable cause for believing them true; that no notice of the proposed amendment had been given and no excuse for such failure offered; and that they could not know that after an investigation by the Attorney General any amendment would be desired by such officer. It does not follow that the charges contained in the proposed amendments should be disregarded by this court. The interests of the people of this state require that no ground for suspicion as to the integrity of this court or any member thereof be allowed to exist when it is within the power of this court to remove the same. We shall therefore treat such proposed amendments as the filing of a new petition, and refer the same to the Attorney General for investigation, and report in accordance with the provisions of chapter 85, Laws 1911.

[3] The accuser contends that no judgment for the costs of the proceeding should be rendered against him. Section 6, c. 85, Laws 1911, provides:

"Section 6. In all such proceedings the Supreme Court shall

be authorized, in its discretion, to tax and render judgment for necessary disbursements incurred on behalf of the prosecution, against the accuser and in favor of the State of South Dakota, whenever such court shall determine that the charges filed were unfounded; and, whenever the said court shall further determine that such accusation was made without probable cause and was influenced by improper motives, it may render judgment against the accuser and in favor of the attorney accused, for such accused attorney's necessary disbursements in such proceedings."

That the charges preferred were wholly "unfounded" is too clear to merit discussion. It follows that there should be judgment against the accuser, and in favor of the state, for the necessary disbursements incurred on behalf of the prosecution, either by the state or the county to which this cause was referred for trial. The referees found, and correctly, that there was no probable cause for the charges preferred, but they made no finding as to the motive which influenced the accuser in preferring such charges. The accused has not asked that this court make any findings on the issue of improper motive, nor has he asked that the cause be again referred to the referees for a finding upon such issue; but the accused has asked the court to affirm such report as made. Under the situation thus presented this court is not called upon to determine, and does not determine, whether the accuser was actuated by improper motives in making the accusations preferred. Nor can we render any judgment except such as finds support in the findings made by the referees. Owing to the absence of a finding that the accuser "was influenced by improper motives" in making his accusations, the accused cannot recover judgment for his "necessary disbursements."

The report of the referees is, in all things, affirmed, and judgment will be entered in accordance with this opinion.

POLLEY, P. J., taking no part herein.