---

## IN RE EGAN,

### (159 N. W. 393.)

(File No. 3819. Opinion filed October 4, 1916. Rehearing denied January 6, 1917.)

1. **Attorneys—Disbarment—Costs, Taxation of—Opportunity to Object, What Comprises.**

    In a proceeding for disbarment, the objection by accused, on taxation of costs, that it is sought to charge accused with disbursements already taxed and assessed against the county in which the evidence was taken, without notice to him, etc., is without merit, where accused has had, and has availed himself of, the opportunity to urge his objections to items of disbursements.

2. **Same—Disbarment—Costs "on Behalf of Prosecution"—Costs Paid by County, Whether Included in Statute.**

    Under Laws 1911, Chap. 85, Sec. 5, providing that all costs of a reference in disbarment proceedings * * * shall be paid by the county to which such proceedings are referred for trial, and that all disbursements "made upon behalf of the prosecution" in such matter shall be paid by the state, and Sec. 6, provid-

ing that whenever judgment is rendered against accused,· it may run in favor of the state for all necessary disbursements made on 'behalf of prosecution, held, that where the county paid expenses of reference and taking evidence thereon, they were clearly "on behalf of the prosecution" and, the county being but a local subdivision of the state, and, all items sought to be taxed having been advanced by the county, judgment rendered "in favor of the state" will inure to the benefit of the county.

3. Same—Disbarment—Costs—Referees' Fees and Expenses Paid by County, Whether "Necessary Disbursements" of Prosecution.

In taxation of costs in a disbarment proceeding, referee's fees and expenses, although payable by, and a charge against the county in which the evidence is taken, are "necessary disbursements made on behalf of the prosecution," under Laws 1911, Chap. 85, Sec. 5, providing that all disbursements made on behalf of prosecution, other than costs of the reference, shall be paid by. the state; and such fees and expenses should be included in the judgment rendered against accused.

4. Same—Disbarment—Costs—Stenographer's Per Diem and Mileage, Taxation of—Statute.

The per diem fees and mileage of a stenographer for taking testimony and transcribing same in a disbarment proceeding, are properly taxable against the accused, under Laws 1911, Chap. 85, Sec. 5, providing that all costs of a reference in such proceedings, including the "fees and expenses of the stenographer for taking the evidence and making transcript thereof," shall be paid by the county to which such proceedings are referred for trial, and are properly payable by such county.

5. Same—Disbarment—Costs "on Behalf of Prosecution"—Carbon Copies of Transcript for Referees, Whether Taxable—Reimbursement of County by State.

Carbon copies of transcript of testimony, made by a stenographer to be furnished to referees in disbarment proceedings, are not necessary expenses thereof as "disbursements made upon behalf of the prosecution," under Laws 1911, Chap. 85, Sec. 5, and are not properly taxable against the accused. Held, further, that, as the furnishing of said copies was a matter of convenience, though not a necessity, the same is approved, but the expenses should have been paid out of the Supreme Court disbarment fund; and, having been paid by the county in which the testimony was taken, the amount of said items should be refunded to said county out of said fund.

6. Same—Disbarment—Costs—Insanity Expert Witness' Expenses "on Behalf of Prosecution," Whether Taxable as.

Expenses of insanity expert witnesses brought from without the state, in disbarment proceedings, are properly chargeable

against the accused, and against the county to which the proceeding is referred for trial, only to the amount of witness' fees and mileage to the state line.

**7. Evidence—Disbarment Proceedings—Witness' Mileage—Counsel's Affidavit, Presumption as to Truth of.**

The affidavit of the Assistant Attorney General in a disbarment proceeding, that the witness attended the number of days and traveled the number of miles specified will, in the absence of contrary evidence, be presumed to state the facts as to the amount of mileage taxable.

Original proceedings in the Supreme Court, in disbarment, against George W. Egan. On application for taxation of costs. Order entered taxing costs against defendant, and disallowing certain items.

See, also, 37 S. D. 159, 157 N. W. 310.

*Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,* Assistant Attorney General, for prosecution.

*Aikens & Judge,* for accused.

GATES, J. On April 4, 1916, judgment was entered in this matter disbarring the accused from further practice as an attorney at law in any and all of the courts of this state, and that his license as such attorney theretofore issued be canceled. In re Egan, 37 S. D. 159, 157 N. W. 310. In addition thereto the judgment contained the following paragraph:

"It is further ordered and adjudged that judgment herein enter in favor of the state of South Dakota and against the said George W. Egan in the sum of $————; the costs of this proceeding to be hereinafter taxed and inserted herein."

The matter is now before us upon an application for the taxation of costs. The following is a statement of the disbursements which have been advanced and paid by Minnehaha county, the county to which said proceeding was referred for trial:

Jerry Carleton, sheriff's fees, serving papers............$    5 70
A. W. Campbell, referee's fees and expenses............    244 94
A. H. Orvis, referee's fees and expenses..............    226 26
Chambers Keller, referee's fees and expenses...........    312 85
Miss Carlotta East, reporting and transcribing testimony, itemized as follows:

Attendance first hearing at Sioux Falls, August
     25th to 31st, inclusive....................$ 60 00

Attendance at second hearing, September 13th to
   16th, inclusive ...........................    40 00
Mileage, Yankton to Sioux Falls and return, two
   trips, 252 miles at 5c .....................    12 60
Original transcript 1,270 pages, 3,302 folios at 10
   cents ...................................   330 20
Copy to A. H. Orvis ......................    63 50
Copy to Chambers Keller ...................    63 50
                                                    ——
   Total ..................................    569 80
Witness fees as per schedule of names, days, and
   mileage (including "Dr. W. H. Rowe, of St.
   James, Minn., per agreement $100," and in-
   cluding "W. A. Renner, three days, $6, 120
   miles travel one way $12")...............    284 40
                                                    ——
   Total ....................................$1,643 95

[1] Objection is made that it is sought to charge accused with disbursements that have already been taxed and assessed against Minnehaha county without notice to him and without giving him any opportunity to file and urge any objections to any of the items. Such objection is without merit. The accused now has, and he has availed himself of, the opportunity to urge objections to the items in said account.

[2] Objection is made that disbursements paid by Minnehaha county are not recoverable by the state, and, as the total bill of $1,643.95 is shown to have been paid by that county, nothing can be recovered under this application. Section 5, c. 85, Laws 1911, reads:

"All costs of a reference in such proceedings, including the fees and expenses of the stenographer for taking the evidence and making transcript thereof, shall be paid by the county to which such proceedings may be referred for trial. All other disbursements made upon behalf of the prosecution in such matters shall be paid by the state of South Dakota upon an itemized statement thereof approved by the supreme court or a judge thereof."

The last clause of section 6 of said chapter reads as follows:

"And whenever judgment is rendered against the accused

there may be included therein, in the discretion of the court, as. a part thereof, a judgment in favor of the state for all necessary disbursements made on behalf of the prosecution."

It is clear that the disbursements above specified have been made "on behalf of the prosecution." It is also clear that a county is but a local subdivision of the state for governmental purposes. State v. Board, 36 S. D. 606, 156 N. W. 96. We are of the opinion that the reasonable interpretation of the clause quoted from section 6, taken in connection with section 5 of said chapter, is that a judgment may be entered against the accused for all necessary disbursements made on behalf of the prosecution, by whomsoever advanced, and that, inasmuch as all of the items sought to be taxed in this proceeding have been advanced by Minnehaha county, the judgment rendered "in favor of the state" will of necessity be for the benefit of that county. This matter was considered in the recent decision in Re Samuel C. Polley, 159 N. W. 42, where the same conclusion was arrived at with reference to taxing costs against the accuser under section 6 of said chapter.

[3] Specific objection is made to the three items for referees' fees and expenses, for the reason that such fees and expenses are payable by, and a charge against, the county of Minnehaha. They are, however, "necessary disbursements made on behalf of the prosecution," and no good reason has been advanced why they should not be included in the judgment. We are now considering a statute different from the one in force at the time of the decision in Re Egan, 22 S. D. 563, 119 N. W. 42.

[4] Specific objection is made to the items aggregating $112.60 for the stenographer's per diem and mileage. Section 5 of the above chapter mentions the "fees and expense of the stenographer for taking the evidence and making transcript thereof." We are of the opinion that these items were properly payable by Minnehaha county, and are properly taxable against the accused.

[5] Specific objection is made to the two items of $63.50 each for carbon copies of the transcript of the testimony for two of the referees. We are of the opinion that Minnehaha county should not have been required to pay those items, and that they are not properly taxable against the accused. The furnishing of the extra copies was a matter of convenience, but

not of necessity. We approve the furnishing of those copies, but are of the opinion that the expense should have been paid out of the Supreme Court disbarment fund, the same as was an item of $63.50 for a carbon copy of such transcript for the use of the Attorney General. We are of the opinion that there should be refunded to Minnehaha county out of said disbarment fund the sum of $127.

[6] Specific objection is made to the item of $100 paid to Dr. W. H. Rowe, of St. James, Minn. The agreement was one made by the Attorney General and Dr. Rowe, to which the accused was not a party. While the action of the Attorney General in securing the attendance of Dr. Rowe, to testify as to the mental condition of Mr. Hatland is approved, we are of the opinion that neither the county nor the accused should be required to pay more than the witness fee and mileage from the state line to Sioux Falls. This we estimate at $5, which sum we consider properly taxable against the accused. We are of the opinion that Minnehaha county should be reimbursed in the sum of $95 out of the Supreme Court disbarment fund.

[7] Specific objection is made to the item of $12 mileage paid W. A. Renner for the reason that said Renner is claimed to be a resident of Lake county, S. D., and is distant from Sioux Falls not to exceed 35 miles. The account was sworn to by the Assistant Attorney General, in which he deposed that the witness attended the number of days and traveled the number of miles specified. In the absence of contrary evidence, we must assume the affidavit to state the facts. Re Egan, 22 S. D. 563, 119 N .W. 42.

In conclusion we are of the opinion that there should be taxed against the accused in favor of the state for the benefit of Minnehaha county the sum of $1,643.95, less the two items of $63.50 each, and less the sum of $95, or a total reduction of $222, making a total taxation of $1,421.95. We are of the opinion that the order should provide that upon the filing of a receipt with the clerk of this court from the Treasurer of Minnehaha county, showing payment of said sum, the judgment for costs should be satisfied of record.

We are further of the opinion that, if the same is not paid ·within 30 days, execution should issue, directed to the marshal of

this court, commanding him to make the amount of such judgment with the accruing costs out of the property of the accused.