POLLEY, J., took no part herein.

---

## In re EGAN.

### (160 N. W. 814.)

(File No. 3819.    Opinion filed January 6, 1917.)

**1.   Attorneys—Disbarment Proceedings—Costs—Fees of Referee, Stenographer and Transcript, Whether Taxable Against Unsuccessful Accused—Statute.**

Under Laws 1911, Chap. 85, Sec. 5, providing that in disbarment proceedings, the fees and expenses of stenographer for taking evidence, and making transcript thereof, shall be paid by county, etc., and that all other disbursements by prosecution shall be paid by the state, and Sec. 6, providing that in such proceedings the court may, in discretion, tax and render judgment for necessary disbursements incurred on behalf of prosecution, against accused, whenever the court shall determine that the charges filed were unfounded, and that whenever judgment is rendered against accused, it may include, in discretion of the court, a judgment in favor of the state for necessary disbursements on behalf of prosecution, **held,** that said fees of referees and of stenographer and for making transcript are not costs taxable against accused upon decision adverse to him.

**2. Attorneys—Disbarment Proceeding—Costs, Against Unsuccessful Accused—Disbursements Paid by County, Effect on Right to Tax Against Accused.**

That certain disbursements were taxable against an unsuccessful accused in disbarment proceedings have been paid in part by the county, does not affect the state's right to a judgment therefor, and to tax them against accused; the county being clearly entitled to reimbursement.

Original proceedings by the State of South Dakota, against George W. Egan, for disbarment. Application for taxation of costs. On rehearing. Judgment for costs modified.

For original opinion, see, 37 S. D. 642, 159 N. W. 393.

See, also, 36 S. D. 228 154 N. W. 521; 157 N. W. 310.

*C. C. Caldwell*, Attorney General, for the State.

*Aikens & Judge*, for Respondent.

WHITING, J. By the opinion of this court reported in Re Egan, 157 N. W. 310, this court held that the respondent "be required to pay the costs of this proceeding." As shown by such opinion, the proceeding was one seeking the disbarment of said respondent, a duly licensed practitioner at the bar of this court. Pursuant to the above holding, this court thereafter taxed and rendered judgment against such respondent for costs. Included in such judgment, over respondent's objection, was the amount of items covering the fees and expenses of the referees, the per diem and mileage of the stenographer who reported and transcribed the evidence, and the charges of such stenographer for a transcript of the evidence. Upon petition for rehearing respondent has asked a modification of the judgment to the extent of deducting the amount of the above items.

[1] We are of the opinion that respondent is entitled to such reduction, and that the judgment should be modified without any further hearing. This matter is controlled by sections 5 and 6, c. 85, Laws 1911, which read as follows:

"Sec. 5. All costs of a reference in such proceedings, including the fees and expenses of the stenographer for taking the evidence and making transcript thereof, shall be paid by the county to which such proceedings may be referred for trial. All other disbursements made upon behalf of the prosecution in such matters shall be paid by the state of South Dakota upon

15—Vol. 38, S. D.

an itemized statement thereof approved by the Supreme Court or a judge thereof.

"Sec. 6. In all such proceedings the Supreme Court shall be authorized, in its discretion, to tax and render judgment for necessary disbursements incurred on behalf of the prosecution, against the accuser and in favor of the state of South Dakota, whenever such court shall determine that the charges filed were unfounded; and, whenever the said court shall further determine that such accusation was made without probable cause and was influenced by improper motives, it may render judgment against the accuser and in favor of the attorney accused, for such accused attorney's necessary disbursements in such proceedings; and whenever judgment is rendered against the accused there may be included therein, in the discretion of the court, as a part thereof, a judgment in favor of the state for all necessary disbursements made on behalf of the prosecution."

[2] After a more careful consideration of these sections we are of the opinion that the Legislature intended to and did distinguish between the expenses of providing a court with its necessary officers and the expenses to be incurred strictly "on behalf of the prosecution"; that the first, which are spoken of as the "costs of a reference," and which clearly include the per diem and expenses of the referees as well as the matters specifically mentioned in section 5, are to be paid by the county, and are not taxable against any party; that the phrase "disbursements incurred on behalf of the prosecution," as used in section 6, refers only to those disbursements, other than the "costs of a reference," that may be incurred in procuring and presenting the evidence of the prosecution; that such disbursements are payable by the state; and that they are taxable under section 6. It appears in this particular case, that these "disbursements" were paid, in part at least, by Minnehaha county; but that can in no manner affect the right of the state to a judgment therefor as such county is clearly entitled to reimbursement.

Let the judgment for costs herein be modified to a judgment for costs in the sum of $195.10.