## In Re MORRISON.

### (177 N. W. 806.)

(File No. 4359. Opinion filed May 24, 1920.)

1. **Costs—Disbursements—Expenses of Proceedings, Whether From Supreme Court Fund or County—Previous Decision Explained.**

In Re Egan, 38 S. D. 244, this Court was considering whether the prosecution on one hand or the disbarred attorney on the other should pay expenses of reference, per diem and mileage of stenographer and for stenographer's transcripts, and not whether the expenses incurred should be paid from Supreme Court fund or by the county in which the matter was referred; and whatever was stated in that opinion as to what fund those items should be payable from was obiter, and was not given due consideration.

2. **Same—Costs of "Reference," "All Other Disbursements"—Serving Subpoenas, Deposition Expenses as "Costs"—Judgment for State, County as Beneficiary, Disbarred Attorney, Costs Not Payable By, Egan Case Adhered To.**

Under Laws 1911, Ch. 85, Sec. 5 (Sec. 5278 Rev. Code 1919), providing that all costs of a reference in disbarment proceedings, including stenographer's fees and expenses of taking evidence and making transcript, shall be paid by the county to which the proceedings are referred for trial, and that all other disbursements on behalf of prosecution shall be paid by the state, etc., held, that fees of prosecution's witnesses appearing before referee, fees for serving subpoenas, and expenses of taking such depositions on behalf of prosecution, are properly and in the nature of things a "part of the costs of reference;" and when a matter is referred to a referee all costs of trial are payable by county to which the matter was referred. Nor does the provision in Sec. 6 (Sec. 5279 Rev. Code 1919) that whenever judgment is rendered against accused, judgment in favor of state for all necessary disbursements of prosecution may, in court's discretion be included therein, militate against such conclusion. **Held** further, that the holding in Re Egan, 37 S. D. 642, to the effect that said Sec. 6, taken in connection with Sec. 5, should be interpreted to mean that a judgment may be entered against accused for all necessary disbursements for the prosecution, and which costs have been advanced by the county in which trial is had, which judgment rendered "in favor of the state" will be for benefit of that county, is adhered to; nor was the principle there laid down intended to be overruled on rehearing in that cause (38 S. D. 224); the intent there being to simply decide that the expense of providing court and its officers, including stenographer and

transcript, is one that should be taxed against disbarred attorney.

3.  **Disbarment—Judgment for Disbursements on Disbarment, "State," as Including "County"—Statute—Reimbursement to County—Section Interpreted, Re Egan Case Overruled in Part.**

The word "state" in Sec. 6, Ch. 85, Laws 1911 (Sec. 5278, Rev. Code 1919), providing that upon rendition of judgement against accused in disbarment proceedings court in its discretion may include therein judgement "in favor of the state" for necessary disbursements for prosecution, embraces the "county"; and if judgment be recovered by state against accused attorney for disbursements for prosecution, which were paid in first instance by county of trial, county should be repaid such amount out of judgment when collected. The statements to the contrary in the opinion on rehearing in Re Egan supra, would render the clause in Sec. 6: "all necessary disbursements made on behalf of the prosecution" to be equivalent of clause in Sec. 5: "all other disbursements made on behalf of the prosecutions;" but those clauses are not synonymous; and to that extent the decision in Re Egan on rehearing, is overruled.

Original proceeding. . In the Matter of the Disbarment of P. C. Morrison, an attorney. Order entered directing County of Walworth to pay certain fees and expenses.

GATES, J. The Attorney General has applied for an order directing the payment of fees of witnesses, fees for serving subpoenas and expenses of taking depositions on behalf of the prosecution out of the Supreme Court disbarment fund. He claims that such fees and expenses should be paid out of such fund because of the decision on rehearing of the proceeding entitled In re Egan, 38 S. D. 224, 160 N. W. 814.

[1] In that opinion we were not considering whether expenses incurred should be paid out of the Supreme Court fund on the one hand, or by the county to which the matter was referred on the other hand. We were then considering whether the prosecution on the one hand or the disbarred attorney on the other hand should be charged with the payment of the following expenses: (a) Fees and expenses of the referee; (b) per diem and mileage of stenographer; (c) stenographer's charges for transcript. We therein held that those items were not properly taxable against the disbarred attorney. We have no disposition

to overturn that decision, but whatever may have been stated therein as to what fund those items should be payable from was obiter, and was not then given due consideration.

Section .5, c. 85, Laws of 1911 (section 5278, Rev. Code 1919) provides:

"All costs of a reference in such proceedings, including the fees and expenses of the stenographer for taking the evidence and making transcript thereof, shall be paid by the county to which such procedings may be referred for trial. All other disbursements made upon behalf of the prosecution in such matters shall be paid by the state of South·Dakota upon an itemized statement thereof approved by the Supreme Court or a judge thereof."

[2] The question now is whether the fees of witnesses who appeared before the referee on behalf of the prosecution, fees for serving subpoenas and expenses of taking depositions on behalf of the prosecution for use before the referee are embraced within the term "costs of a reference in such proceedings," or whether they are embraced in the words, "all other disbursements made on behalf of the prosecution." If the former, the fees should be paid in the first instance by the county to which the reference was made; if the latter, the fees should in the first instance be paid out of the Supreme Court disbarment fund. We are clearly of the opinion that such fees and expenses are legitimately, properly, and in the very nature of things a part of the "cost of reference." When a matter is referred to a referee, all of the costs of the trial are payable by the county to which the matter was referred. We are of the opinion that the last clause in section 6 of said chapter (§ 5279, Rev. Code 1919), viz. "and whenever judgment is rendered against the accused there may be included therein, in the discretion of the court, as a part thereof, a judgment in favor of the state for all necessary disbursements made on behalf·of the prosecution," does not militate against this conclusion.

In Re Egan, 37 S. D. 642, 159 N. W. 393, this court said:

"It is clear that the disbursements above specified have been made 'on behalf of the prosecution.' It is also clear that a county is but a local subdivision of the state for governmental purposes. State v. Board, 36 S. D. 606, 156 N. W. 96. We are of the opinion that the reasonable interpretation of the clause quoted

from section 6, taken in connection with section 5 of said chapter, is that a judgment may be entered against the accused for all necessary disbursements made on behalf of the prosecution, by whomsoever advanced, and that, inasmuch as all of the items sought to be taxed in this proceeding have been advanced by Minnehaha county, the judgment rendered in favor of the state will of necessity be for the benefit of that county."

The principle there laid down was not intended to be overruled upon the rehearing of that cause in 38 S. D. 224, 160 N. W. 814. We intended upon the rehearing simply to lay down the rule that the expense of providing a court and its officers, including the stenographer and transcript, was an expense that should not be taxed against the disbarred attorney.

[3] We are of the opinion that the word "state" in said section 6 embraces the "county," and that if a judgment be recovered by the state against the accused attorney for disbursements made on behalf of the prosecution, which were paid in the first instance by the county, the county should be repaid such amount out of the judgment when collected.

The statements to the contrary in the opinion on rehearing in Re Egan, supra, would render the clause in the latter section, "all necessary disbursements. made on behalf of the prosecution," to be the equivalent of the clause in the former section, "all other disbursements made upon behalf of the prosecution." We do not think those clauses are synonymous. To the extent that the decision in Re Egan, on rehearing, 38 S. D. 224, 160 N. W. 814, conflicts with this opinion it is overruled.

An order will be entered directing the county of Walworth to pay the fees and expenses hereinbefore referred to.