## In re BARTLETT et al.

(198 N. W. 125.)

(File No. 4799. Opinion filed March 18, 1924.)

**Attorney and Client—Costs—Disbarment—Fees and Expenses of Referee and Court Reporter in Disbarment Proceedings Not Taxable Against Disbarred Attorneys.**

    The fees and expenses of the referee and the fees and per diem of the court reporter in taking testimony and transcribing the same in disbarment proceedings are not taxable as costs against the disbarred attorneys.

In the matter of objection to the taxation of costs in the disbarment proceedings brought against A. L. Bartlett and L. T. Van Slyke, attorneys at law. Costs in part taxed to defendants.

See, also, 197 N. W. 285, reported herein.

*Buell F. Jones,* Attorney General, for prosecution.

*Campbell & Fletcher,* of Aberdeen, and *P. W. Dougherty,* of Webster, for Respondents.

SHERWOOD, P. J.   This matter comes on upon a show cause order obtained by the Attorney General against said defendants, to show cause why the fees and expenses of C. O. Bailey, as referee, in the sum of $299,74 and the fees and per diem of William Wallace, for taking testimony at the trial and making transcript of the same for $351.55, should not be taxed as costs against said defendants, and the objections of the defendants to the taxation of each of the above items, on the ground that under the law and the decisions of the court they are not taxable costs in this proceeding.   In Re Egan, 38 S. D. 224, 160 N. W. 814, we said:

"The amount of items covering the fees and expenses of the referees, the per diem and mileage of the stenographer who reported and transcribed the evidence, and the charges of such stenographer for a transcript of the evidence," are not taxable against any party.

And in Re Morrison, 42 S. D. 42, 177 N. W. 806, this court said, referring to the case last above cited:

"We intended upon the rehearing simply to lay down the rule that the expense of providing a court and its officers, including the stenographer and transcript, was an expense that should not be taxed against the disbarred attorney."

Following the rule thus laid down, we hold that neither of the above-entitled items are taxable against the defendants.   The other two items of cost in the sum of $6.45 are proper costs in this action, and may be taxed against the defendants.

Noted.—Reported in 189 N. W. 125.   See, Headnote, American Key-Numbered Digest, Attorney and client, Key-No. 59, 6 C. J. Sec. 94.